UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAWNNA CARTER,<br><br>        Plaintiff,<br><br>    v.<br><br>PROVIDENCE HEALTH & SERVICES - WESTERN WASHINGTON (d/b/a PROVIDENCE CENTRALIA HOSPITAL),<br><br>        Defendant. | Case No. 3:24-cv-05179-TMC<br><br>ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY |

## I.   ORDER

Before the Court is Attorney John Du Wors's motion to withdraw as counsel for Plaintiff Shawnna Carter. Dkt. 40. Motions to withdraw are ordinarily granted if filed at least sixty days before the discovery cutoff. Local Civil Rule ("LCR") 83.2(b)(1). District courts in the Ninth Circuit, including this one, consider the following factors in assessing motions to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Protingent, Inc. v. Gustafson-Feis*, No. 2:20-cv-01551-TL, 2022 WL 2479124, at *1 (W.D. Wash. July 6, 2022); *see also, e.g.*, *Kessler v. State Farm Fire & Cas. Co.*, 3:23-cv-05527-TMC, slip op. at 2 (W.D. Wash. Feb. 26,

2024). "District courts have discretion to approve or deny a motion to withdraw as counsel." *Protingent*, 2022 WL 2479124, at *1 (citing *McNall v. Pac. Ret. Servs., Inc.*, 859 F. App'x 48, 49 (9th Cir. 2021)).

The discovery cutoff in this case is January 16, 2026. Dkt. 36. Mr. Du Wors moved to withdraw on November 19, 2025, 58 days before the cutoff—and two days past the 60-day deadline before which he would ordinarily be permitted to withdraw under LCR 83.2(b)(1). There is therefore a presumption against withdrawal at this late stage in the case.

The Court finds Mr. Du Wors has overcome this presumption, however. Mr. Du Wors states that "[o]ver the past several weeks, the attorney-client relationship between Plaintiff and counsel has irretrievably deteriorated. Significant and fundamental breakdowns in communication and trust have occurred such that continued representation is no longer feasible." Dkt. 40 at 1. Mr. Du Wors also notes that he informed Plaintiff of his intent to withdraw in writing, advised Plaintiff to obtain new counsel, and advised Plaintiff of all upcoming deadlines. *Id*. at 1–2. Despite this notice, neither Plaintiff nor counsel for Defendant have filed anything opposing the motion. Considering the four factors discussed above, Mr. Du Wors provides a valid reason for withdrawal that outweighs any apparent risk of prejudice or delay.

## II.   CONCLUSION

Accordingly, the Court GRANTS Mr. Du Wors's motion to withdraw as Plaintiff's attorney. Dkt. 40. Plaintiff Shawnna Carter shall proceed pro se unless and until new counsel appears on her behalf. The Clerk is respectfully requested to update the docket to reflect Plaintiff's last known contact information as provided in Mr. Du Wors's motion.

Ms. Carter is responsible for complying with all case deadlines and court orders unless she retains new counsel. If Ms. Carter would like an extension of the case schedule to seek new counsel, she must inform the Court by January 12, 2026. Ms. Carter may also request a

conference with the Court if she would like to discuss the upcoming pretrial deadlines and next steps in her case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 12th day of December, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY - 3